UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERIC C. CARPENTER, JR.,

                Petitioner,

v.                                                9:10-CV-1240
                                                (GTS/TWD)

DAVID UNGER, Superintendent of
Wyoming Correctional Facility,

                Respondent.
_____

FREDERIC C. CARPENTER, JR.,

                Petitioner,

v.                                                9:12-CV-0957
                                                (GTS/TWD)

DAVID UNGER, Superintendent of
Wyoming Correctional Facility,

                Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

FREDERIC C. CARPENTER, JR.
  Petitioner, *Pro Se*
31 Central Avenue, Apt. 1
Cortland, New York 13045

HON. ERIC T. SCHNEIDERMAN                    PAUL B. LYONS, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondents
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Frederic C. Carpenter ("Petitioner") filed Petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in both of the above-captioned actions. By Report-Recommendation dated March 28, 2014, United States Magistrate Judge Thérèse Wiley Dancks recommended that both actions be dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not be issued with regard to any of Petitioner's claims. (Dkt. No. 52.) On April 23, 2014, Petitioner filed Objections to the Report-Recommendation. (Dkt. No. 55.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety; both actions are dismissed; and a certificate of appealability not be issued with regard to any of Petitioner's claims.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's conviction of July 31, 2000, for rape in the second degree (Indictment 99-112), and his conviction of and March 30, 2000, for sexual abuse in the first degree (Indictment 98-82). Rather, the Court will simply refer the parties to the relevant portions of Magistrate Judge Dancks' Report-Recommendation, which accurately recite that factual background. (Dkt. No. 52, at Part II.)

### A. Petitioner's Claims

#### 1. Petitioner's Claims in Lead Case No. 9:10-CV-1240

Petitioner filed his original Petition in the lead case on October 18, 2010. (Dkt. No. 1.) He filed an Amended Petition in that case on August 20, 2012, asserting the following six claims: (1) a claim that his motion to withdraw his guilty plea under Indictment 99-112 and his motion to vacate his judgment of conviction under Indictment 98-82 were improperly denied in

violation of the Fifth, Sixth, and Fourteenth Amendments; (2) a claim that the Government failed to disclose exculpatory evidence in violation of the Fifth, Sixth, and Fourteenth Amendments; (3) a claim that the trial judge violated Fed. R. Crim. P. 11(c)(1) by threatening Petitioner to accept the prior plea agreement, and defense counsel refused to provide legal advice causing Petitioner to enter an involuntary and unknowing guilty plea, in violation of the Fifth, Sixth, and Fourteenth Amendments; (4) a claim that Judge Smith lacked jurisdiction to compel Petitioner to withdraw his guilty plea under Indictment 99-112 as part of his plea in pending Indictment 98-82; (5) a claim that the Government's prosecutor improperly promised Petitioner that his post-release supervision under Indictment 99-112 would run concurrently with his probation violation; and (6) a claim that Petitioner received ineffective assistance from Attorneys Butler and Adinolfi in violation of the Fifth, Sixth, and Fourteenth Amendments. (Dkt. No. 35, at "Ground One" Through "Ground Six.")

### 2. Petitioner's Claims in Member Case No. 9:12-CV-0957

Petitioner filed his Petition in the member case on June 13, 2012, asserting the following four claims: (1) a claim that his guilty plea was not voluntary, knowing, and intelligent because he was coerced to plead guilty by Attorney Butler; (2) a claim that Petitioner was denied effective assistance of counsel by Attorney Butler; (3) a claim that Judge Ames improperly denied Petitioner a hearing on his Section 440.10 motion; and (4) the Appellate Division overruled the Judge's denial of the Section 440.10 motion. (Dkt. No. 1, at "Ground One" Through "Ground Four.")

### B. Magistrate Judge Dancks' Report-Recommendation

### 1. Recommendations as to Lead Case (No. 9:10-CV-1240)

On March 28, 2014, Magistrate Judge Dancks issued her Report-Recommendation. (Dkt. No. 52.) Generally, in her Report-Recommendation, Magistrate Judge Dancks made the following seven recommendations: (1) that the Court deny Petitioner's claim that his guilty plea to rape in the second degree (Indictment 99-112) was not voluntarily, knowingly and intelligently made, because there is insufficient evidence in the state court record to overcome the strong presumption of verity of statements made by him in his plea allocution; (2) that the Court deny Petitioner's claim that Judge Smith violated Fed. R. Crim. P. 11(c)(1), because the statute does not apply to state court judges; (3) that the Court deny Petitioner's ineffective-assistance-of-counsel claim, because he has failed to put forth evidence that Attorney Adinolfi's representation fell below reasonable standards or that he was prejudiced in any way; (4) that the Court deny Petitioner's claim that Judge Smith lacked jurisdiction to withdraw his motion, because Petitioner failed to include this claim in his direct appeal; (5) that the Court deny Petitioner's claim that the prosecutor improperly promised a concurrent sentence and probationary term in exchange for his guilty plea, because the state court transcript reveals that a concurrent probationary term was never discussed during Petitioner's plea hearing; (6) that the Court deny Petitioner's claim that prosecutors failed to turn over exculpatory evidence, because the claim is unexhausted and procedurally barred; and (7) that the Court deny Petitioner's claim that Judge Smith violated his due process rights by denying his motion to withdraw his guilty plea or failing to hold an evidentiary hearing, because the Court has determined that Petitioner's plea was voluntary and knowing. (*Id*. at Part III.)

4

### 2. Recommendations as to Member Case (No. 9:12-CV-0957)

Also in her Report-Recommendation of March 28, 2014 (Dkt. No. 52), Magistrate Judge Dancks made the following three recommendations with respect to Petitioner's claims in the member case: (1) that Petitioner failed to submit evidence to support the allegation that his guilty plea was coerced; (2) that, during his plea allocution before Judge Ames, Petitioner acknowledged he was ready to enter guilty plea, indicated he was satisfied with representation by counsel, and denied that he had been subjected to any acts of coercion or threats; and (3) that the trial court's denial of Petitioner's Section 440.10 hearing request does not constitute a violation of federal law, because procedural errors in post-conviction proceedings do not implicate federal law and thus, are not applicable to Section 2254 review. (*Id*. at Part IV.)

### C. Petitioner's Objections to the Report-Recommendation

On April 23, 2014, Petitioner filed his Objections to the Report-Recommendation. (Dkt. No. 55.) Generally, in his 47-pages of Objections, Petitioner asserts a variety of factual and legal arguments, the "crux" of which is that Magistrate Judge Dancks erred by failing to cite, and "adhere to [the] mandates" of, *Massaro v. United States,* 538 U.S. 500 (2003), which (he argues) requires that, before deciding his ineffective-assistance-of-counsel claim, the Court hold a hearing, to establish the off-the-record remarks made between Petitioner and Judge Smith and/or Attorney Adinolfi, before sentencing. (*Id*. at 6 [attaching page "2" of Petitioner's Supporting Affid.].)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's *Habeas* Petition

Magistrate Judge Dancks has recited the correct legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2254(d). (Dkt. No. 52, at Parts III.A. through III.C.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III. ANALYSIS

After carefully reviewing all of the papers in this action, the Court can find no error in Magistrate Judge Dancks' Report-Recommendation, clear or otherwise. Magistrate Judge Dancks employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 52, at Parts II through IV.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in its entirety for the reasons stated therein. (*Id.*)

The Court will merely add a few brief observations regarding the primary argument in Petitioner's Objections. *See, supra,* Part I.C. of this Decision and Order. As an initial matter, the argument is sufficiently repetitive of arguments submitted to Magistrate Judge Dancks (*see, e.g.,* Dkt. No. 50, at 57 [attaching page "52" of Petitioner's Traverse]) to subject the relevant portion of the Report-Recommendation to only a clear-error review (which it survives). *See,*

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

*supra,* note 3 of this Decision and Order. In any event, the Court does not read *Massaro* as requiring a hearing in this circumstance. The Court notes that Petitioner's claims of off-the-record interactions with Attorney Adinolfi and/or Judge Smith (in addition to being wholly inconsistent with the record) are so unreasonably conclusory and/or incredible as to be facially invalid.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 52) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that both of the above-captioned actions are **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: August 20, 2014
Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
U.S. District Judge